IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARK RAY PRICE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BRIAN BELLEQUE, )<br>)<br>Respondent. )<br>_____) | No. CV 07-625-CL<br><br>**OPINION AND ORDER** |

**PANNER, J.**

Mark[1] Ray Trice brings this petition for relief under 28 U.S.C. § 2254. Trice states that he was sentenced to a 304-month term following his conviction for a crime committed when he was 16 years old. Trice contends his sentence violates <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because the state court imposed a sentence exceeding the presumptive sentence, on the basis of facts not determined beyond a reasonable doubt. Trice has requested that counsel be appointed to represent him in this matter.

---

[1] The caption spells Petitioner's first name as "Mark." Some other documents spell it "Marc."

1 - OPINION AND ORDER

Magistrate Judge Clarke recommended summarily dismissing this action with prejudice, and denying the motion to appoint counsel. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

## Discussion

Summary dismissal at the commencement of the case, without briefing or development of the record, is appropriate only if "it plainly appears from the petition . . . that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. The question is not whether petitioner ultimately will prevail, but whether the court can say, without hesitation, that the petition fails to state a claim.

The United States Supreme Court has yet to rule whether <u>Blakely</u> applies retroactively. In June 2006, that Court granted certiorari, in a case from the Ninth Circuit, to decide "whether our decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), announced a new rule and, if so, whether it applies retroactively on collateral review." <u>Burton v. Stewart</u>, ___ U.S. ___, 127 S. Ct. 793, 794 (2007).[2] The Supreme Court eventually resolved <u>Burton</u> on other grounds, and so did not reach the question on which certiorari had been granted. <u>Id.</u> at 796. It therefore remains an open question.

<u>Schriro v. Summerlin</u>, 532 U.S. 348 (2004), is not dispositive of Petitioner's claims. <u>Schriro</u> addresses only the allocation of factfinding responsibility between judge and jury.

---

[2] Certiorari was granted <u>sub nom. Burton v. Waddington</u>, 126 S. Ct. 2352 (2006).

Schriro did not address the rule that facts used to enhance a sentence, if not admitted, must be proven beyond a reasonable doubt rather than by a preponderance of the evidence. United States v. Siegelbaum, 359 F. Supp.2d 1104, 1107 (D. Or. 2005).

The Supreme Court has previously acknowledged that the standard of proof can significantly impact factfinding accuracy and society's confidence in the result, and given retrospective effect to some decisions that rejected lesser standards of proof. See In re Winship, 397 U.S. 358, 363-64 (1970); Ivan V. v. City of New York, 407 U.S. 203, 205 (1972); Hankerson v. North Carolina, 432 U.S. 233 (1977). While those decisions predate Teague v. Lane, 489 U.S. 288 (1989), I cannot preclude the possibility that the Supreme Court might decide to give retroactive application to this aspect of Blakely's holding.

United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005), and Cooper-Smith v. Palmateer, 397 F.3d 1236, 1245-46 (9th Cir. 2005), both discuss only the judge versus jury aspect of Blakely, but do not address Blakely's holding regarding the all-important standard of proof. In addition, Cooper-Smith applied the higher standard normally used when evaluating successive petitions, asking whether the Supreme Court has *already* declared that Blakely applies retroactively. Id. at 1246 (and citing Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004), which involved a "successive petition").

United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002), is not controlling either. Sanchez-Cervantes held that Apprendi is not entitled to retroactive application. In reaching

3 - OPINION AND ORDER

that conclusion, the panel relied upon a narrow interpretation of Apprendi that has since been repudiated in Blakely and in United States v. Booker, 543 U.S. 220 (2005). As the concurring opinion by Judge Hug observed, if the panel's understanding of Apprendi was mistaken, then "the Teague analysis would be quite different." Sanchez-Cervantes, 282 F.3d at 673.

Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005), may be closer to the mark. But cf. Kessack v. United States, 2006 WL 3192523 (W.D. Wash. Nov. 1, 2006) at *4 (footnote omitted) (concluding Schardt is not dispositive).

It is possible I have overlooked a controlling decision squarely addressing the issue. If so, Respondent will point that out in its briefing. Without such a citation on point, it is premature to dismiss the petition without any briefing. Further development of the record may also assist in resolving the petition. As I have previously stated,

> Only if a defendant actually disputed the facts that resulted in the sentence enhancement, and the court decided the matter against him, can the defendant show that he may have been prejudiced by application of the wrong standard of proof.

Siegelbaum, 359 F. Supp. 2d at 1108 (footnote omitted).

On the present record, I am unable to determine whether Petitioner actually contested the facts he now contends were improperly used to enhance his sentence.

Under the circumstances, the better course is to let the petition go forward, at least for now. If the Federal Defender agrees to accept appointment as counsel, then the court will make such appointment. Otherwise, Petitioner must represent himself.

## Conclusion

The Findings and Recommendation (docket # 7) are not adopted. The motion (# 2) for appointment of counsel is conditionally granted. The Federal Defender has until November 5, 2007, to advise the court whether it will represent Petitioner. The clerk shall send a copy of this order to the Federal Defender.

Respondent has until December 10, 2007, to file a response to the petition.

IT IS SO ORDERED.

DATED this 11 day of October, 2007.

OWEN M. PANNER
UNITED STATES DISTRICT JUDGE